IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT J. DVORAK                    *

         Plaintiff           *

         vs.                 *    CIVIL ACTION NO. MJG-09-69

ANNE ARUNDEL COUNTY                 *

         Defendant           *

*        *        *        *        *        *        *        *        *

MEMORANDUM AND ORDER RE: DISMISSAL

The Court has before it Defendant's Motion to Dismiss, or
in the alternative, Motion for Summary Judgment [Document 24]
and the materials submitted related thereto.  The Court finds a
hearing unnecessary.


I.   BACKGROUND

Plaintiff, Robert Dvorak was employed by Anne Arundel
County ("the County") from 1968 to 1984 and participated in the
Appointed and Elected Officials Retirement Plan ("A&E Plan") for
some 16 years.  In December of 1990, Dvorak was re-employed by
the County in an appointed capacity. He continued to participate
in the A&E Plan until February of 1994, having a total of about
19 years and 4 months of plan participation.

In February 1994, the County passed Council Bill 118-93
which prospectively froze further A&E Plan participation.

Council Bill 118-93 prohibited new membership and further
accumulation of credited service under the A&E Plan.   Employees
previously earning benefits under the A&E Plan transitioned to a
broader pension program referred to as the "Employees Plan."
Dvorak continued to work for the County for another 3 years and
3 months.

In April of 1997, Dvorak applied for his second retirement
from County employment effective May 1, 1997, seeking a pension
calculated on the basis of 22 years and 7 months of service
under the A&E Plan, $45.781 per year.[1]  However, in December of
1999 Dvorak was informed that his pension benefits had been
recalculated to be $37,916 per year, using 19 years and 4 months
of service under the A&E Plan and a separate 3 years and 3
months of service under the Employees Plan.

Dvorak filed a timely appeal to the Anne Arundel County
Board of Appeals (the "County Board of Appeals") protesting the
calculation of his benefits on state-law grounds. Dvorak's
appeal essentially mirrored the appeal of another former County
employee in Phillip Schiebe[2], BA 65-99A (2001).  Dvorak requested

---

[1]    Dvorak's pension, calculated completely under the A&E Plan
would be 2% multiplied by final average earnings ($101,360)
multiplied by 22 7/12.
[2]    Scheibe, the former Anne Arundel County Attorney, was
originally counsel for Dvorak in the instant case but was
disqualified by the Court. See Memorandum and Order Re:
Disqualification [Document 19].

that his case be placed on the inactive docket pending a final

court decision in Scheibe.[3]

The County Board of Appeals in Scheibe upheld the pension

modifications of Council Bill 118-93. The ruling was

subsequently appealed to the Anne Arundel County Circuit Court

and then to the Maryland Court of Special Appeals.

In January of 2003, the Maryland Court of Special Appeals

in Anne Arundel Cnty. Maryland v. Scheibe, No. 02-337 (Md. App.

Jan. 29, 2003) ("Scheibe Appeal"), upheld the County's

bifurcated calculation of benefits as a reasonable and correct

interpretation of the pension statutes.  A second decision by

the Maryland Court of Special Appeals in March of 2005, ruled

that the changes to the County pension plan under Council Bill

118-93 were constitutionally sound under the Contract Clause, as

only future non-accrued benefits were impacted. Anne Arundel

Cnty. Maryland v. Scheibe, No. 2070 (Md. App. Sept. 2005).

Following the conclusion of the Scheibe Appeal, Dvorak

proceeded with his stayed case before the County Board of

Appeals. In December of 2008, the County Board of Appeals issued

its ruling against Dvorak. Just as in Scheibe, the County Board

of Appeals held that the bifurcated benefit calculation was

---

[3]    Dvorak strongly intimated that the final ruling in Scheibe
would be dispositive of his own claims, irrespective of the
outcome. [Document 24-2 at Ex. 1]

legally correct and in accordance with the applicable pension statutes.

Dvorak did not file a state court appeal from the County Board of Appeals' decision. Rather, he filed the instant lawsuit. Dvorak contends that Council Bill 118-93 violates the Contract Clause, Takings Clause, and Fourteenth Amendment Equal Protection Clause of the United States Constitution. He seeks declaratory and injunctive relief, as well as monetary damages for any pension benefits withheld as a result of the bifurcation calculation.

By the subject motion, the County seeks dismissal, or in the alternative, summary judgment on all counts of Dvorak's Complaint.


II. DISMISSAL STANDARDS[4]

A. Rule 12(b)(1) Dismissal

Before examining the substantive sufficiency of the Complaint from the perspective of Rule 12(b)(6) and Rule 56, the Court must initially determine the extent of its subject matter jurisdiction pursuant to Rule 12(b)(1). A motion to dismiss under Rule 12(b)(1) raises the fundamental question as to

---

[4] The Court finds Defendant entitled to dismissal and, therefore need not consider the summary judgment standard.

whether this Court has jurisdiction to adjudicate the claims
presented.

In Evans v. B.F. Perkins Co., 166 F.3d 642-647 (4th Cir.
1999), the Fourth Circuit Court of Appeals specified the review
for a 12(b)(1) motion. The Plaintiff has the burden of proving
that subject matter jurisdiction exists when a defense is raised
pursuant to Rule 12(b)(1). Richmond, Fredericksburg & Potomac R.
Co. v. United States, 945 F.2d 765, 768 (4th  Cir. 1991). Unlike
a motion to dismiss filed pursuant to Rule 12(b)(6), which
confines the Court's analysis to the allegations in the
pleadings, a motion challenging subject matter jurisdiction
under Rule 12(b)(1) allows consideration of evidence outside the
Complaint. Id. In ruling on a 12(b)(1) motion, a court must
apply the standard applicable to a motion for summary judgment,
under which the nonmoving party must set forth specific facts
beyond the pleadings to show that a genuine issue of material
facts exists. Id.


B.    Rule 12(b)(6) Dismissal

A motion to dismiss filed pursuant to Federal Rule of Civil
Procedure 12(b)(6) tests the legal sufficiency of a complaint.
A complaint need only contain "a short and plain statement of
the claim showing that the pleader is entitled to relief, in
order to give the defendant fair notice of what the ... claim is

and the grounds upon which it rests." Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  When

evaluating a 12(b)(6) motion to dismiss, a plaintiff's well-

pleaded allegations are accepted as true and the complaint is

viewed in the light most favorable to the plaintiff.  However,

conclusory statements or a "formulaic recitation of the elements

of a cause of action" will not suffice.  Id.  A complaint must

allege sufficient facts to "cross 'the line between possibility

and plausibility of entitlement to relief.'"  Francis v.

Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Twombly,

550 U.S. at 557).

Inquiry into whether a complaint states a plausible claim

is "a context-specific task that requires the reviewing court to

draw on its judicial experience and common sense."  Id.  Thus,

if the well-pleaded facts contained within a complaint "do not

permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged – but it has not shown –

that the pleader is entitled to relief."  Id. (quoting Ashcroft

v. Iqbal, -- U.S. --, 129 S. Ct. 1937(2009)) (internal quotation

marks omitted).

Dvorak is now a pro se litigant.[5] His pleadings will be
accorded liberal construction. See <u>Erickson v. Pardus</u>, 551 U.S.
89 (2007).  However, the requirement of liberal construction
does not mean that this Court can ignore a clear failure in the
pleadings to allege facts which set forth a claim currently
cognizable in a federal district court. <u>Weller v. Dep't of
Social Serv.</u>, 901 F.2d 387, 391 (4th Cir. 1990).


III. <u>DISCUSSION</u>

The County contends that it is entitled to dismissal
because:

> 1.  This Court lacks jurisdiction to hear what
>     amounts to an administrative appeal from the Anne
>     Arundel County Board of Appeals.
>
> 2.  The instant action was not filed within the
>     applicable statute of limitations, and therefore
>     is not timely.
>
> 3.  The instant action is barred by the principals of
>     res judicata and collateral estoppel.
>
> 4.  The instant action is barred by the abstention
>     principals set forth in <u>Younger v. Harris</u>, 401
>     U.S. 37 (1971) and <u>Burford v. Sun Oil Co.</u>, 319
>     U.S. 315 (1943).
>
> 5.  The instant action is barred by the <u>Rooker-
>     Feldman</u> doctrine.

---

[5]     Dvorak was represented by Phillip Scheibe as counsel during
the filing of this action. Upon Scheibe's disqualification,
Dvorak elected to proceed on a pro se basis.

A.  Appellate Jurisdiction

Dvorak framed the instant action as an appeal from the
County Board of Appeals ruling issued against him in December of
2008. [Compl. at ¶ 1].  However, if treated as an administrative
appeal, the case is not within the jurisdiction of the Court.
The judicial review process for decisions rendered by the County
Board of Appeals is set forth explicitly in Section 604 of the
Anne Arundel County Charter that provides:

> Within thirty days after any decision by the County Board
> of Appeals is rendered, any person aggrieved by the
> decision of the Board and a party to the proceedings before
> it may appeal such decision to the Circuit Court of Anne
> Arundel County, which shall have power to affirm the
> decision of the Board, or if such decision is not in
> accordance with law, to modify or reverse such decision,
> with or without remanding the case for rehearing, as
> justice may require. Within thirty days after the decision
> of the Circuit Court is rendered any party to the
> proceeding who is aggrieved thereby may appeal such
> decision to the Court of Special Appeals. The review
> proceedings provided by this section shall be
> exclusive.(emphasis added)

See Anne Arundel County Charter, Article VI at Section 604.

The County Board of Appeals in its Dvorak decision
specifically stated that any appeal must be taken in accordance
with Section 604.  Therefore, this Court lacks appellate
jurisdiction over the County Board of Appeals and must dismiss
the case if it is viewed as an appellate proceeding.

B.  Limitations

If the instant case is not viewed as an appellate proceeding but as a fresh lawsuit, it must be dismissed as time barred.

There is no express federal statute of limitations pertinent to the instant case.  However, it is well-established policy that when Congress has not enacted a statute of limitations applicable to the assertion of a federal right, federal courts should adopt the local law of limitation. Johnson v. Davis, 582 F.2d 1316, 1318 (4th Cir. 1978). Under Maryland's general statute of limitations,[6] this lawsuit should have been filed within three years of the date by which Dvorak was on "inquiry notice" of his claims. Poffenberger v. Risser, 290 Md. 631, 431 A.2d 677 (1981).

The claims Dvorak asserts in the instant case accrued no later than December of 1999.  Moreover, by that time, Dvorak was well aware of the facts pertinent to his claims.  Indeed, during the Board of Appeals hearing in November of 2007, Dvorak's attorney acknowledged the ability to raise constitutional issues before the Board, but stated that such issues were not going to be pursued. See Tr. of Proceedings, Case No. BA-116-99A  pp.3-4

---

[6] MD. CODE ANN., CTS.& JUD. PROC., § 5-101 (West 2010)

[Document 24 Ex. 3].  Accordingly, the instant lawsuit had to be filed no later than December of 2002.

Dvorak states that he delayed filing this case by virtue of the stay of his County Board of Appeals proceeding pending the outcome of Scheibe.  He does not provide, however, authority upon which the Court could hold that limitations should be tolled for the filing of a new lawsuit to raise issues that he intentionally chose not to raise in his stayed case.

The Court concludes that if it were to have jurisdiction over the instant matter as a free standing case rather than an appeal, it would have to dismiss the case as time barred.

C.  Abstention

The Court finally notes that had the instant case been a timely filed freestanding lawsuit, and were it to conclude that Dvorak's claims were not barred on res judicata and/or collateral estoppel grounds, it would likely abstain in favor of state court resolution.

IV.  CONCLUSION

For the foregoing reasons:

1.  Defendant's Motion to Dismiss [Document 24] is GRANTED.

2.  Defendant's alternative Motion for Summary Judgment [Document 24] is DENIED AS MOOT.

3.  Judgment shall be entered by separate Order.


SO ORDERED, on Wednesday, November 17, 2010.


                                    /s/___      __ _
                                Marvin J. Garbis
                            United States District Judge

11